Coulstring v. Topic of the Town        CV-96-192-SD   02/11/98

UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Terry Coulstring;
Loucinda Williams

        v.                                Civil No. 96-192-SD

Topic of the Town
  Restaurant


                           O R D E R


    Before the court are the issues raised by certain pretrial

motions.


1.  Background

    These are civil rights actions brought pursuant to Title

VII, 42 U.S.C. § 2000e, et seq., and the Civil Rights Act of

1991, 42 U.S.C. § 1981a.  At relevant times, plaintiffs Terry

Coulstring and Loucinda Williams were waitress employees of the

defendant Topic of the Town Restaurant.  Located in Littleton,

New Hampshire, defendant Restaurant is a sole proprietorship

owned by Doris Fekay.

    Plaintiff Williams alleges that she was sexually harassed by

a restaurant patron and that the defendant failed to take the

necessary steps to prevent such harassment.  Williams accordingly

lodged a complaint with the New Hampshire Commission for Human

Rights. She further contends that she was discharged from her employment with defendant in retaliation for the filing of such complaint.

Plaintiff Coulstring contends that she assisted Williams with her sexual harassment complaint and that she in turn was discharged in retaliation for such assistance.[1]

## 2. Defendant's Motion to Exclude Evidence of Emotional Distress, documents 18, 19[2]

Defendant moves to exclude from trial all testimony in evidence relating to the claims of plaintiffs Williams and Coulstring which seek recovery for emotional distress damages. Plaintiffs object. Document 30.

Pointing to the right to recover, inter alia, "emotional distress" damages under the Civil Rights Act, 42 U.S.C. § 1981a(a)(1) and (b)(3), De Novellis v. Shalala, 124 F.3d 298, 307 (1st Cir. 1997), and invoking the Supremacy Clause,[3] plaintiffs

---

[1]Simply put, plaintiff Williams seeks to recover for both sexual harassment and retaliation, while the claim of plaintiff Coulstring is limited to retaliation.

[2]Document 18 is the motion which seeks to dismiss the emotional distress claims of plaintiff Williams. Document 19 seeks the same relief as against plaintiff Coulstring.

[3]"This Constitution. and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby; any Thing in the Constitution or Laws of any State to

urge that their federal right of recovery for emotional distress cannot be here abrogated by the exclusivity provisions of the New Hampshire Workers' Compensation Act, Revised Statutes Annotated (RSA) chapter 281A:8. Review by the court of the authorities upon which plaintiffs rely satisfies the court that their position is correct.

In Miller v. CBC Companies, Inc., 908 F. Supp. 1054, 1068 (D.N.H. 1995), here relied on by defendant, the issues now before the court were not raised and were therefore not in consideration. Miller is accordingly distinguishable from the circumstances of the instant cases, and does not support the position of the defendant. The Circuit authority cited by plaintiffs is clear to the effect that state workers' compensation laws may not be invoked to bar federally created civil rights of recovery. Karcher v. Emerson Elec. Co., 94 F.3d 502, 509 (8th Cir. 1996), cert. denied, ___ U.S. ___, 117 S. Ct. 1692, 1693 (1997); McClary v. O'Hare, 786 F.2d 83, 85 (2d Cir. 1986). Accordingly, the defendant's motion must be denied.

---

the Contrary notwithstanding." U.S. CONST. art. VI, cl. 2.

## 3. Plaintiffs' Motion in Limine to Exclude Certain Evidence and Argument Regarding Plaintiffs' Terminations, document 23

The thrust of this motion is that defendants should be barred from claiming that poor job performances by plaintiffs, coupled with their search for employment elsewhere, were adequate reasons for termination of the plaintiffs' employment. But the authorities cited[4] are not concerned with the exclusion of evidence, but rather with the failure of defendant employers to meet the required burden of proof. Of course, if defendant fails in its burden of proof that it articulate a legitimate, nondiscriminatory reason for termination of plaintiffs' employment, then the plaintiffs may well have proven their case. But defendant is entitled to make the attempt to sustain its burden of proof.

Accordingly, the motion in limine must be denied.


## 4. Plaintiffs' Motion in Limine to Exclude Certain Defenses Not Affirmatively Pled, document 24

Plaintiffs contend that defendant should be barred from attempting to claim that defendant took immediate and adequate steps to address plaintiff Williams' complaint of harassment.

---

[4]See Rowlett v. Anheuser Busch, Inc., 832 F.2d 194, 202 (1st Cir. 1987); Broderick v. Ruder, 685 F. Supp. 1269 (D.D.C. 1988); Delgado v. Lehman, 665 F. Supp. 460 (E.D. Va. 1987).

Citing the Opinion of Justice Brennan in <u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228, 246 (1989),[5] the plaintiffs argue that such defense is an affirmative defense that must be pleaded pursuant to Rule 8(c), Fed. R. Civ. P.[6]  The defendant objects. Document 33.

Defendant contends that its denial of plaintiffs' allegations that it failed to take meaningful or affirmative action to stop the harassment was sufficient to state a defense in this action against which plaintiffs cannot claim surprise. The court agrees.

This is not a case of undue delay by defendant in disputing plaintiffs' assertion such as to substantially change the theory on which the case has been proceeding and proposed so late that plaintiff would be required to engage in significant new preparation.  <u>See</u> <u>Wolf v. Reliance Standard Ins. Co.</u>, 71 F.3d 444, 450 (1st Cir. 1995).  Rather, it is a case where, upon examination of the totality of the circumstances and the making of a practical, commonsense assessment as to whether surprise and

---

[5]"[T]he employer's burden is most appropriately deemed an affirmative defense: The plaintiff must persuade the factfinder on one point, and then the employer, if it wishes to prevail, must persuade it on another."

[6]Rule 8(c), Fed. R. Civ. P., sets forth a catalog of specific pleadings termed affirmative defenses and concludes with the catch-all, "and any other matter constituting an avoidance or affirmative defense."

unfair prejudice are involved, Williams v. Ashland Eng'g Co., 45 F.3d 588, 593 (1st Cir.), cert. denied, 506 U.S. 807 (1995), the court finds that plaintiffs are neither surprised nor unable to oppose the claimed defense here raised. Accordingly, the motion must be denied.

### 5. Defendant's Request for Limiting Instruction, document 32

Plaintiff Williams apparently has been deposed and has testified to certain alleged hostile environment sexual harassment which occurred both before and after November 21, 1991. As it is clear that the jury may consider for damage purposes only conduct occurring after November 21, 1991, Landgraf v. USI Film Products, 511 U.S. 244 (1994); Morrison v. Carleton Woolen Mills, Inc., 108 F.3d 429, 437 (1st Cir. 1997), defendant has moved for a limiting instruction to the jury to the effect that they may only consider for damage purposes alleged conduct that occurred after November 21, 1991.

The motion, to which no written objection has been interposed, is granted, and the court will grant a limiting instruction concerning the jury's duties relative to conduct before and after November 21, 1991.

6

## 6. Defendant's Objection to Plaintiff's Witness Lorna Marden, document 35

Plaintiffs have listed as a witness Lorna Marden of Littleton, New Hampshire. Defendant contends that Ms. Marden is employed as an investigator by the New Hampshire Commission for Human Rights and has not been disclosed as an expert witness. Accordingly, defendant moves to exclude testimony from Ms. Marden.

The record indicates that Ms. Marden was the landlord of plaintiff Coulstring and was the person whom Coulstring contacted for information regarding the filing of a complaint with the New Hampshire Human Rights Commission. It is unclear whether Marden is scheduled to testify to more than this simple fact.

The court concurs with defendant that conclusory lay opinion testimony on the ultimate issue of whether discrimination occurred should be excluded. <u>Alexis v. McDonald's Restaurants of Mass.</u>, 67 F.3d 341, 347 (1st Cir. 1995). Accordingly, the motion, to which no objection has been interposed, is granted, and any testimony by Ms. Marden will be limited to such as supports Coulstring's contention that Marden merely directed her as to how to proceed with a discrimination complaint.

## 7. Conclusion

For the reasons hereinabove outlined, the court has denied defendant's motions to exclude evidence of emotional distress (documents 18, 19); denied plaintiffs' motion in limine to exclude certain evidence and arguments regarding plaintiffs' terminations (document 23); denied plaintiffs' motion in limine to exclude certain defenses not affirmatively pled (document 24); granted defendant's request for limiting instruction (document 32); and granted defendant's motion to exclude certain conclusory testimony by the lay witness Lorna Marden (document 35). The case now appears to be in order to proceed to trial as scheduled at 9:30 a.m. on Tuesday, February 17, 1998.

SO ORDERED.

Shane Devine, Senior Judge
United States District Court

February 11, 1998

cc:     Eleanor H. MacLellan, Esq.
        Michael R. Callahan, Esq.